■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEROY WAITERS, JR., Appellant, v. VINCENT R. MANCUSI, as Warden of Attica Prison, Respondent.— Order unanimously reversed and matter remitted to Steuben County Court for further proceedings in accordance with the Memorandum. Memorandum: On January 24, 1964 section 335-b of the Code of Criminal Procedure mandated that the requisite information therein contained should be given to a defendant by the " the court before accepting a plea of guilty ". On that date appellant, who had a previous felony conviction, appeared in Steuben County Court without an attorney. A lengthy indictment charging three felonies and one misdemeanor was read to him by the District Attorney. The court then proceeded to inform defendant " of (his) rights." He was told of his rights to a speedy trial, to produce and be confronted by witnesses, to have counsel at all stages of the proceeding and to an adjournment to secure counsel. At the end of the lengthy statement the court summarized the provisions of section 335-b. Further colloquy between the court and defendant developed the fact that the latter wanted an attorney but was indigent. Counsel was then assigned but he was apparently

not in the courtroom. The arraignment was adjourned for 10 days. On February 3 defendant with his counsel present entered a plea of not guilty. On February 5 a jury was drawn and the trial recessed as the prosecution witnesses were not present. On February 7 appellant entered a guilty plea to the first count (robbery, first degree) of the indictment. There was no compliance with section 335-b immediately prior to the entry of this plea. Defendant was subsequently sentenced as a second offender. Prior to 1963 the warning mandated by section 335-b was required to be given " upon the arraignment of the defendant and before accepting a plea." It has been held that this statutory language required the giving of the warning at the time of a plea of guilty and an attempted compliance at the time of arraignment was insufficient (*People ex rel. Bianchi* v. *La Vallee*, 17 N Y 2d 818; *People ex rel. Manning* v. *Fay*, 16 N Y 2d 1061). To remove any doubt as to the precise time the warning was required chapter 578 of the Laws of 1963 deleted from section 335-b the words " upon the arraignment of the defendant " and left remaining the specific requirement that the warning should be given "before accepting a plea of guilty." It was this provision that the court herein ignored and in place thereof gave the warning at the time of arraignment which has been held to be a noncompliance with the statute even as it read prior to the 1963 amendment. We conclude that here there was no compliance with the statute. A warning was given some two weeks before the plea of guilty was entered and at a time when defendant stood before the court unrepresented by counsel. The warning was diluted by the lengthy statement of the court advising the appellant of a multitude of other rights. " The Legislature, in enacting the section, undoubtedly concluded that considerations of fundamental fairness demanded that a defendant, before entering a plea of guilty, be warned that the crime charged against him was one for which additional punishment is prescribed if he had been previously convicted of another offense. The purpose of the statute is to afford an accused the opportunity of deciding whether to plead guilty, knowing he runs the risk of a more severe sentence, or to deny guilt and stand trial." (*People ex rel. Colan* v. *La Vallee*, 14 N Y 2d 83, 86.) The order should be reversed and the matter remitted to Steuben County Court for further proceedings upon relator's plea of guilty in accordance with section 335-b of the Code of Criminal Procedure. (Appeal from order of Wyoming County Court, dismissing writ of habeas corpus.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.